UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAINE WILLIAMS BETHEA,

                            Plaintiff,

         -against-

NYCHA LAW DEPARTMENT,

                            Defendant.

23-CV-0803 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction,

alleging that Defendant "NYCHA Law Department" violated her rights. By order dated February

15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is,

without prepayment of fees. For the reasons set forth below, the Court grants dismisses the

complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box to invoke the court's federal question jurisdiction and, in response to the question asking which of her federal constitutional or federal statutory rights have been violated, writes "Discrimination under the Fair Housing policy. Intimidation, Racism[.]"[1] (ECF 2, at 2.) She alleges that the events giving rise to her claims occurred at an address in New York, New York, from "June 2001 to Present." (*Id.* at 5.)

The following allegations are taken from the complaint. In 2001, Plaintiff was selected for a two-bedroom apartment at the Robert Fulton Houses. (*Id.*) She was selected for the

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

apartment under a "Class Action suit." (*Id.*) However, Plaintiff "was not given that selection at all." (*Id.*) She instead was placed in a one-bedroom apartment in which she continues to reside with her grandson.

"Another material issue of fact" is that the "tenant selection and assignment plan" (TSAP) "is designed to 'ensure' the housing Authority processes applications and transfer requests in a 'fair' and 'objective' manner in accordance with applicable Federal Law and regulations," which Plaintiff maintains she was "never afforded . . . twenty-one years ago!" (*Id.*) (quotation marks and emphasis in original).

She asks the Court to "please explain to [her] why a waiting List Annual canvass case #62756, after twent[y]-one years is being offered to [her] now[.]" (*Id.* at 6) (emphasis in original). She further asks,

> if the TSAP is designed to "Ensure" the housing authority processes applications in a fair and objective manner in accordance with applicable Federal Law and regulations[,] why didn't they do so, and if they had done so, would I have sustained a devastating slip and fall, which ended me up in the hospital having emergency spine surgery and paralized during the pandemic??

(*Id.*)

> Plaintiff describes her injuries as the following:

> Hospitalized five days, Mold and Mildew, awful odor for months, leaking water from radiator in living room Quality of air in apartment unsafe as per health inspector taking grandson back and forth to emergency and Pediatrician or asthma. Sleeping with front door to apartment open to remove the awful odor for months. The Brown water from all areas in apartment faucets.

(*Id.*)

> Plaintiff does not specify the relief she is seeking.

**DISCUSSION**

A.      **Fair Housing Act**

Because Plaintiff states that she experienced discrimination, intimidation, and racism,

(*see* ECF 2, at 2), the Court construes the complaint as attempting to assert claims under the Fair

Housing Act (FHA), 42 U.S.C. § 3604.[2] The FHA "broadly prohibits discrimination in housing."

*Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits

discrimination "against any person in the terms, conditions, or privileges of sale or rental of a

dwelling, or in the provision of services or facilities in connection therewith, because of race,

color, religion, sex, familial status . . . national origin," or disability. 42 U.S.C.§ 3604(b), (f). The

FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See*

*id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise

or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having

aided or encouraged any other person in the exercise or enjoyment of, any right granted or

protected by [among others, §§ 3604 and 3605] of this title").

Here, Plaintiff does not allege any facts suggesting a violation of the FHA. She does not

allege that (1) Defendant did anything to discriminate against her based on her race, (2) she

exercised her rights under the FHA, or that (2) Defendant coerced, intimidated, or threatened her,

or interfered with her exercise of those rights because of her race. *See* 42 U.S.C. § 3604, 3617. In

fact, nowhere in the complaint does Plaintiff specify her race. Rather, Plaintiff alleges that, in

2001, she was "approved and selected" for a two-bedroom apartment, but she was instead given

a one-bedroom apartment. Because Plaintiff does not allege any facts plausibly suggesting that

---

[2] The Court assumes for the purposes of this order that the FHA covers Plaintiff's
residence. *See* 42 U.S.C. § 3604(b) (defining "dwelling," in part, as a "building" that is
"occupied as . . . a residence by one or more families").

Defendant subjected her to discrimination or retaliation in housing on the basis of any impermissible factor, she fails to state a claim under the FHA. The Court therefore dismisses Plaintiff's claims under the FHA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff asserts that Defendant discriminated against her on the basis of her race, however, the Court, in an abundance of caution, grants her 30 days' leave to file an amended complaint in which she alleges additional facts suggesting an FHA claim. If Plaintiff files an amended complaint, the pleading should include specific facts describing how a named defendant discriminated against Plaintiff in housing because of her race.

Plaintiff's amended complaint should also address timeliness of her FHA claims. A civil action under the FHA may be brought no "later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a). Under the continuing violation doctrine, when an unlawful practice "continues into the limitations period, the complaint is timely" if the last alleged practice is within the two-year statutory period. *Havens v. Coleman*, 455 U.S. 363, 380 (1982). "A continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted . . . to continue unremedied for so long as to amount to a discriminatory policy or practice." *Tejada v. Little City Realty LLC*, 308 F. Supp. 3d 724, 730 (E.D.N.Y. 2018) (relying on *Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994)).

Here, Plaintiff alleges that she was denied a two-bedroom apartment in 2001, 21 years before she filed this action. She also alleges, however, that the events giving rise to her claims are continuing to the present. If Plaintiff files an amended complaint, she should clearly state when any alleged discrimination occurred and allege any facts suggesting that any such

discrimination continued beyond the two-year statutory limitations period so that her claims are timely under the continuing violation doctrine.

**B.      Constitutional claims under Section 1983**

Plaintiff also may be attempting to assert constitutional claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

In the "injuries" section of the complaint, Plaintiff alleges that her apartment had mold and mildew, an "awful odor," water leaking from the radiator, and brown water coming from the faucets. (*See* ECF 2, at 6.) To the extent Plaintiff is seeking to hold Defendant responsible for inadequate conditions in her apartment, she fails to state a claim for relief. Courts have long held that there is no constitutional right to adequate or safe housing. *See Lindsay v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in [the constitution] any guarantee of access to dwellings of particular quality . . . . Absent constitutional mandate, the assurance of adequate housing . . . [is a] legislative, not judicial, function[]"); *Paige v. New York City Hous. Auth.*, No. 17-CV-7481, 2018 WL 3863451, at *11 (S.D.N.Y. Aug. 4, 2018) ("Defendants' failure to prevent lead paint poisoning is not tantamount to a violation of substantive due process. So too, it is not enough to allege that Defendants' 'stood by and did nothing.'") (citation omitted); *Richardson v. City of New York*, No. 12-CV-2545, 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) (holding there is no "government obligation to provide adequate housing") (citation omitted); *see also Allen v. New York City Hous. Auth.*, No. 10-CV-0168, 2012 WL 4794590, at *8 (S.D.N.Y. Sept. 11, 2012) (rejecting due process claims arising from NYCHA's failure to address mold). The Court

therefore dismisses any Section 1983 claims related to the conditions in her apartment that

Plaintiff may be asserting for failure to state a claim on which relief may be granted. *See* 28

U.S.C. § 1915(e)(2)(B)(ii).

**C.      Claims under state law**

Plaintiff's assertions may implicate claims under state law. A district court may decline to

exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law

claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the

federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original

jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims

Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir.

2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction

by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.      Federal Rule of Civil Procedure 5.2**

Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer

to the name of a minor child must do so by using only the child's name's initials. *See* Fed. R. Civ.

P. 5.2(a)(3). Plaintiff, in her complaint, appears to reveal the full name of a minor child. Thus, in

an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to

that submission to a "case participant-only" basis. If Plaintiff files an amended complaint, she

must comply with Rule 5.2 by referring to any minor child using only that child's initials.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid FHA claim, the Court grants Plaintiff 30 days' leave to file an amended complaint detailing her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff claims under the FHA and Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court grants Plaintiff 30 days' leave to replead her claims under the FHA in an amended complaint, as described above.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-0803 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time.

If Plaintiff does not file an amended complaint within the time allowed, or cannot show good cause as to why to excuse such failure, the Court will enter judgment: (1) dismissing Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and; (2) declining to consider, under the Court's supplemental jurisdiction, any claims Plaintiff may be asserting under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 6, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                         _____
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____          _____ Civ. _____ ( _____ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                **COMPLAINT**

                    -against-

_____          Jury Trial:   ☐ Yes      ☐ No
_____                            (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your
        identification number and the name and address of your current place of confinement. Do the same
        for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff       Name _____
                Street Address _____
                County, City _____
                State & Zip Code _____
                Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual. Include the address where
        each defendant may be served. Make sure that the defendant(s) listed below are identical to those
        contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant No. 1   Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 2   Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 3   Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant No. 4   Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____
_____

III.    **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

_____

| What happened to you? | _____ |

_____

_____

| Who did what? | _____ |

_____

_____

_____

| Was anyone else involved? | _____ |

_____

| Who else saw what happened? | _____ |

_____

_____


IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.        Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff        _____

Mailing Address              _____

                             _____

                             _____

Telephone Number             _____

Fax Number *(if you have one)*   _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
         must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:      _____

Inmate Number                _____