UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELAINE WILLIAMS BETHEA,<br><br>                              Plaintiff,<br><br>          -against-<br><br>NYCHA LAW DEPARTMENT; NYCHA<br>APPLICATIONS & TENANCY<br>ADMINISTRATION DEPARTMENT;<br>NYCHA FULTON HOUSES,<br><br>                              Defendants. | 23-CV-0803 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint

alleging that the "NYCHA Law Department" violated her rights. By order dated March 6, 2023,

the Court dismissed the complaint for failure to state a claim on which relief may be granted, but

granted Plaintiff leave to replead her claims under the Fair Housing Act ("FHA"). Plaintiff filed

an amended complaint on April 26, 2023. Named as Defendants in the amended complaint are

"NYCHA Law Department"; "NYCHA Applications and Tenancy Administration Department";

and "NYCHA Fulton Houses." The Court dismisses this action for the reasons set forth in its

March 6, 2023, order of dismissal, as explained below.

## BACKGROUND AND DISCUSSION

### A.    The original complaint and order of dismissal

In the original complaint, Plaintiff, who resides in public housing managed by the New

York City Housing Authority ("NYCHA"), alleged that, in 2001, she was selected for a two-

bedroom apartment at the Robert Fulton Houses, but she was instead placed in a one-bedroom

apartment in which she still lives. (ECF 2, at 5.) Without providing any additional factual

context, Plaintiff also alleged that she was subject to "Discrimination under the Fair Housing

police. Intimidation, Racism[.]" (*Id.*) Plaintiff further alleged that she experienced unfavorable

conditions in her apartment such as mold and mildew, leaking water, and unsafe air quality. (*Id.*

at 6.)

By order dated March 6, 2023, the Court liberally construed the complaint as asserting

claims for discrimination under the FHA and constitutional claims under 42 U.S.C. § 1983. The

Court dismissed Plaintiff's Section 1983 claims for failure to state a claim because there is no

constitutional right to safe or adequate housing. (*See* ECF 4, at 6-7); *see, e.g.*, *Lindsay v. Normet*,

405 U.S. 56, 74 (1972); *Richardson v. City of New York*, No. 12-CV-2545, 2013 WL 2124176, at

*2 (S.D.N.Y. Apr. 17, 2013). The Court dismissed Plaintiff's FHA claims because she did not

allege that (1) Defendant did anything to discriminate against her based on her race; (2) she

exercised her rights under the FHA; or that (3) Defendant coerced, intimidated, or threatened her,

or interfered with her exercise of those rights because of her race. (ECF 4, at 4); *see* 42 U.S.C.

§§ 3604, 3617. Because Plaintiff suggested in the complaint that she was discriminated against

on the basis of her race, the Court, in an abundance of caution, granted her leave to replead a

viable FHA claim. Because Plaintiff alleged that she was denied the apartment in 2001, 21 years

before she filed this action, the Court also instructed Plaintiff that, if she repleads her FHA

claims, she should also state when any alleged discrimination occurred and allege any facts

suggesting that any such discrimination continued beyond the two-year statutory limitations

period so that her claims are timely under the continuing violation doctrine. (*See* ECF 4, at 5-6.)

**B.    The amended complaint**

In the amended complaint, Plaintiff essentially alleges the same set of facts contained in

the original complaint.[1] She states that the events giving rise to her claims occurred in May 2001.

_____

[1] In its March 6, 2023, order of dismissal, the Court informed Plaintiff that, under Rule
5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer to the name of a

Plaintiff "was designated a two-bedroom apartment under NYCHA's guidelines," which she accepted right before the September 11, 2001, terrorist attacks. (ECF 5, at 3.) She "was not shown the designated two-bedrooms or given a key," but was instead "shown a one-bedroom apartment with a spectacular view of the Empire State building." (*Id.* at 3.) After Plaintiff accepted the one-bedroom apartment, a NYCHA manager called her and said that they currently did not have any two-bedroom apartments available, "but when we do you can get one." (*Id.*) After 22 years, Plaintiff has not been provided a two-bedroom apartment. She maintains that "there have been plenty of two-bedroom apartments available," but they were given to Plaintiff's "Spanish speaking brothers and sisters." (*Id.* at 4.) Plaintiff does not indicate her race or ethnicity.

As a result of this "bait and switch," Plaintiff was placed "in the worst building" and "slipped and fell down the steps . . . during a snow squall" when maintenance failed to clear the walkway of snow. (*Id.* at 3.) Plaintiff again alleges that the apartment has leaking pipes, a "horrible smell," and that her grandson has developed asthma while living there. (*Id.*)

Plaintiff attaches to the amended complaint various documents that she asks the Court to "consider," including various medical records for herself and her grandson, work orders and communications with NYCHA concerning water leaks, mold, and the air quality in her apartment, and documents submitted to NYCHA pertaining to the availability of a two-bedroom apartment. (*See id.* at 5-34.)

---

minor child must do so by using only the child's initials, and instructed her that her amended complaint must comply with Rule 5.2 by referring to a minor child using only the child's initials. (*See* ECF 4, at 7.) Notwithstanding the Court's warning, Plaintiff's amended complaint includes her minor child's full name and date of birth. In an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the amended complaint to a "case participant-only" basis.

Plaintiff's amended complaint fails to cure the deficiencies identified the Court's order of dismissal. The Court therefore dismisses the amended complaint for the reasons stated in its March 6, 2023, order of dismissal. Specifically, Plaintiff fails to state a claim under the FHA because the amended complaint does not allege any facts suggesting that (1) Defendants did anything to discriminate against her based on her race, (2) she exercised her rights under the FHA, or that (3) Defendants coerced, intimidated, or threatened her, or interfered with her exercise of those rights because of her race. *See* 42 U.S.C. §§ 3604, 3617. To the extent Plaintiff attempts to replead her constitutional claims under Section 1983 regarding her housing conditions, which she was not granted leave to do, those claims are also dismissed for the reasons stated in the Court's March 6, 2023, order. The Court therefore dismisses the amended complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.   Claims under state law

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.      Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action for the reasons stated in this order and in the Court's March 6, 2023, order of dismissal.

SO ORDERED.

Dated:    June 12, 2023
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge